FILED
SUPERIOR COURT
OF GUAM

2024 JAN -8 PM 1:55

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CM0402-22**<br>GPD Report No. 22-29654 |
| v. | |
| **RUSLY GIDEON,**<br>DOB: 06/23/1993 | **DECISION AND ORDER**<br>**DENYING DEFENDANT'S MOTION**<br>**FOR DISMISSAL WITH PREJUDICE**<br>**AND TO EXPUNGE RECORD** |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on November 8, 2023 for hearing on Rusly Gideon's ("Defendant's") Motion for Dismissal with Prejudice and to Expunge Record ("Motion"). Assistant Attorney General Sean Brown represents the People, and Alternate Public Defender Ana Maria Gayle represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

### BACKGROUND

In November 2022, Defendant was arrested and charged with Child Abuse (as a Misdemeanor) and Family Violence (as a Misdemeanor) after allegedly striking K.R.F. (DOB: 10/31/2016) ("Victim") in the face with a water bottle. See Magistrate's Complaint (Nov. 19, 2022).

On July 12, 2023, the Court dismissed this matter without prejudice upon the People's request. See Minute Entry (Jul. 12, 2023). The People moved for dismissal without prejudice because they were unable to contact the Victim, who appeared to be evading Attorney General Investigators. See People's Motion to Dismiss Without Prejudice at 1-2 (Jul. 11, 2023).

On July 13, 2023, Defendant filed her Motion for Dismissal with Prejudice and to Expunge Record. Defendant seeks to have the dismissal be entered with prejudice, claiming the Government cannot prove their case in trial given that she is prepared to offer contradictory witness testimony to

Decision and Order Denying Defendant's Motion to for Dismissal with Prejudice and to Expunge Record
CM0402-22, *People of Guam v. Rusly Gideon*
Page 1 of 4

the events. See Motion at 1-3 (Jul. 13, 2023). Defendant also seeks to expunge any records concerning this case given that it was the People who originally moved for dismissal. Id. at 3.

On July 19, 2023, the People filed their Opposition to Motion ("Opposition"). The People oppose expungement because (i) the Defendant has not been acquitted, (ii) the People's Motion to Dismiss was necessarily made in the interest of justice, rather than from their conscious decision not to prosecute, and (iii) recharging the alleged offenses still complies with the statute of limitations. See Opposition at 4-5 (Jul. 19, 2023).

The Court held a hearing on November 8, 2023. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

### I. Preliminary Rules:

Pursuant to 8 G.C.A. § 80.70(a):

> The prosecuting attorney may with leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate... The prosecuting attorney shall file a statement of his reasons for seeking dismissal when he applies for leave to file a dismissal and where leave is granted the court's order shall set forth the reasons for granting such leave.

Pursuant to 8 G.C.A. § 11.10:

> The official records of the court, the Attorney General, and the police reports in connection therewith dealing with a violation or attempted violation by an adult of territorial law or a regulation having the force and effect of law *shall* be expunged when [1] the subject of the report is acquitted of the offense charged, [2] when the prosecuting attorney decides *not* to prosecute the offense, [3] when the time for commencing the criminal action as prescribed by Chapter 10 of this Title has passed.

### II. Application:

#### a. Expungement is not required because Defendant has not been acquitted of the offenses charged.

The first instance necessitating expungement does not apply here because Defendant has not been acquitted of the offenses charged. Rather, the charges were dismissed before the case ever made it to trial. See Minute Entry (Jul. 12, 2023).

Furthermore, Defendant's argument that trial would necessarily result in acquittal does not carry weight. Defendant is prepared to offer testimony of Josephine Matheus, who was told by her

Decision and Order Denying Defendant's Motion to for Dismissal with Prejudice and to Expunge Record
CM0402-22, *People of Guam v. Rusly Gideon*
Page 2 of 4

daughter, that Defendant only struck Victim accidently in the course of a game, and that Victim and Defendant laughed the incident off. See Motion at 4 (Jul. 13, 2023). However, such testimony does not automatically necessitate Defendant's acquittal. First, this is clearly double hearsay and Josephine Matheus's daughter is the one required to testify about what she saw and heard. Second, it is the juror's, rather than the Court's function to weigh evidence and evaluate witness credibility. Even if Josephine Matheus's hearsay statements were introduced as testimony, jurors could still elect to convict Defendant if they find such statements improbable in light of other evidence establishing the charges.

**b. Expungement is not required because the People's Motion to Dismiss was based on the Victim's non-compliance, rather than their decision not to prosecute the offenses.**

The second instance necessitating expungement does not apply here because the People's Motion to Dismiss was not based on their decision not to prosecute the offenses. It is clear that the People do want to prosecute these alleged offenses, but are currently unable to do so given the Victim's noncompliance. See People's Motion to Dismiss Without Prejudice at 1-2 (Jul. 11, 2023). The People's decision to prosecute is demonstrated by their numerous efforts to contact Victim. Id. at 3-4. However, because the Victim was noncompliant and could not be reached, dismissal was necessitated by the interests of justice. See Minute Entry (Jul. 12, 2023). It is this noncompliance (rather than the People's conscious decision not to prosecute) that led to the dismissal. Id. Therefore, expungement is not required on grounds that the People decided not to prosecute.

**c. Expungement is not required because the statute of limitations for the offenses charged have not yet passed.**

The third instance necessitating expungement does not apply here because the statute of limitations for the offenses charged have not yet passed. A prosecution for the offenses charged "shall be commenced within (1) year" after the alleged offense is committed. See 8 G.C.A. § 10.30. Here, the alleged offenses occurred on November 16, 2022. See Magistrate's Complaint (Nov. 19, 2022). There is still time for charges to be refiled within this statutory window, ending on November 16,

Decision and Order Denying Defendant's Motion to for Dismissal with Prejudice and to Expunge Record
CM0402-22, *People of Guam v. Rusly Gideon*
Page 3 of 4

2023. Of course, expungement would be warranted if charges are not refiled once this deadline passes. See 8 G.C.A. § 11.10.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. The Order to Dismiss shall remain without prejudice, and records relating to the above-captioned case and events described in GPD Report No. 22-29654 need not be expunged.

**IT IS SO ORDERED** this <u>January 8, 2024</u>.

_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA EMAIL**

I acknowledge that an electronic
copy of the original was e-mailed to:

AG, APO
_____

Date: 1/8/24 Time: 2:00pm

Antonio G. Cruz
Deputy Clerk, Superior Court of Guam

Decision and Order Denying Defendant's Motion to for Dismissal with Prejudice and to Expunge Record
CM0402-22, *People of Guam v. Rusly Gideon*
Page 4 of 4